UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 20-30018-MGM |
| | ) | |
| JOHN RATHBUN | ) | |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR EXCLUDABLE DELAY [D.E. 55], MOTION TO DISMISS, AND, ALTERNATIVELY, <u>MOTION TO REVOKE THE COURT'S DETENTION ORDER</u>**

Over defendant's objection, the government has moved to exclude all of the time from defendant's indictment and arraignment – an indictment that was already delayed by the COVID-19 pandemic - to the presently scheduled trial date of November 9, 2020. The Court should deny the motion for the reasons set forth below. Regardless, the Court should release Rathbun because the government's now-moribund case now bears no resemblance to that alleged to the Court when it sought Rathbun's detention.

**I.      OPPOSITION TO EXCLUDABLE DELAY AND MOTION TO DISMISS**

The government has moved to exclude the entire period since John Rathbun's indictment and the presently scheduled trial date of November 9, 2020, a period of 133 days in total.[1] D.E. 55 at 2. Defendant objects and submits the pending indictment must be dismissed. As the government correctly notes, Rathbun at his arraignment notified the government and the Magistrate Judge that he would not opt in to the District of Massachusetts' automatic discovery procedure, which includes an automatic exclusion of various periods from the Speedy Trial Act.

---

[1] The government in its motion and proposed order has suggested exclusion from June 23, 2020. The Speedy Trial Act clock, however, does not begin until the indictment is made public *or* from the date the defendant "appeared before a judicial officer of the court in which such charge is pending, *whichever date last occurs.*" 18 U.S.C. § 3161(c)(1)(emphasis added). In defendant's view, the Speedy Trial Act's seventy-day limit for the start of trial began on June 29, 2020 when Rathbun appeared for arraignment.

Rathbun also requested that the matter be immediately referred to the District Court for the scheduling of a trial date. Rathbun indicated to the Magistrate Judge his view that the government had made sufficient discovery disclosures to enable the setting of a firm trial date without undue delay and intended to ask for a trial date within the 70 days permitted under the Speedy Trial Act.[2] That period expired on September 7, 2020.

General Order 20-21, on which the government relies, does not provide carte blanche to ignore the Speedy Trial Act regardless of the circumstances or the length of proposed continuance. Quite the opposite: the General Order's own terms carve out special precedence for those, like Rathbun, who are detained pending a criminal trial. *Id.* at ¶ 4. Even if, as the government asserts, the General Order permits an interest of justice exclusion for all jury trials that were to take place before September 8, it does not purport to be a blanket exclusion of time to trial for cases, Rathbun's, that could be immediately scheduled once the September 8 date passed. Here, the speedy trial act clock started the day Rathbun was arraigned, meaning that to comply with the Speedy Trial Act the trial must have started on or before September 7, 2020. Contrary to the government's assertion, noting in General Order 20-21 purports to reset the Speedy Trial Act to zero on that date. Moreover, the government does not explain how General Order 20-21, which by its terms covers the period of time ending a September 8, supports a complete exclusion past that date and then *all* of the subsequent time to the November 9, 2020 trial date, even where the courts will have been open and conducting jury trials.

---

[2] The government obtained a complaint naming Rathbun on April 15, 2020. The government did not indict Rathbun until June 23, 2020, relying on Chief Judge Saylor's then-existing General Order that permitted extensions of time to indict because of the unavailability of grand juries in the district. *See* General Order 20-22. As was the policy of the U.S. Attorney's Office for the District of Massachusetts while the pandemic stalled indictments, the government provided substantial discovery on a rolling basis as if the matter had been indicted.

The government's reliance on General Order 20-21 is misplaced for a second, independent reason: the General Order applies only to *jury* trials. As the parties reported at the September 1, 2020, Pretrial Conference, Rathbun requested the government's consent to a nonjury trial, a request refused by the government. *See* Exhibit A, August 27, 2020 Letter from Assistant Federal Defender Timothy G. Watkins to Assistant U.S. Attorneys Steven Breslow and Risa Berkower. Had the government consented, the matter could have been scheduled for trial within the seventy-day period mandated by the Speedy Trial Act, and certainly far before the presently scheduled November 9, 2020. The government should not be permitted to rely on the inability of the Court to accommodate a trial in this matter within seventy days while simultaneously undermining Rathbun's good-faith effort to vindicate that right. Notably, at least one court has recently determined that a nonjury trial over the government's refusal to consent is the appropriate path to protect a defendant's speedy trial guarantee in the pandemic age. *See Memorandum and Order, United States v. Michael Cohn*, Eastern District of New York Docket No. 19-CR-097, D.E. 99 (attached hereto as Exhibit B).

While undersigned counsel is cognizant of, and sympathetic to, the plight of this Court and courts around the District of Massachusetts and nationwide in managing dockets in the pandemic age, defendants such as Rathbun have a statutory right to a speedy trial regardless of docket logistics. 18 U.S.C. § 3161(h)(7)(C) ("No [interest of justice exclusion] shall be granted because of general congestion of the court's calendar"). That interest is at its zenith where defendants such as Rathbun, are detained pending trial. 18 U.S.C § 3164 (providing for trial of detained defendant within ninety days of detention order). Rathbun has asserted his statutory right by consistently opposing excludable delay and his right to a trial within seventy days has been ignored. The indictment must be dismissed.

For the foregoing reasons, defendant opposes the motion for excludable delay and submits the pending indictment must be dismissed. Regardless, the Court should release Rathbun pending trial in this matter.

## II.    RATHBUN SHOULD BE CONDITIONALLY RELEASED

Rathbun was arrested on April 15, 2020 and initially charged by complaint with two violations of 18 U.S.C. § 844. The complaint alleged that he placed a firebomb outside of Ruth's House, a Jewish-sponsored assisted living facility on April 2, 2020. D.E. 1. The Magistrate Judge ordered Rathbun released that same day. The next day, the Court granted the government's *de novo* appeal of the Magistrate Judge's decision and ordered Rathbun detained. Rathbun has been in custody ever since.

The affidavit purportedly supporting probable cause to arrest Rathbun alleged that Rathbun had ties to white supremacists through online platforms [D.E. 1, ¶¶ 9-16], which evidenced the motive for him to place an incendiary device "at the entrance of Ruth's house . . . approximately 50 years from the Ruth's House facility" [D.E. 1, ¶ 18]. The government expanded its allegations in its Motion to Stay and Objection to Magistrate Judge's Pre-Trial Release Order filed in this Court to support its motion to revoke Magistrate Judge Robertson's release order. [D.E. 6.] There the government told the Court that Rathbun had "placed a *firebomb* outside Ruth's House, a Jewish-sponsored assisted living facility on April 2, 2020." *Id.* at 1 (emphasis supplied). The device, according to the government, was filled with "five gallons of gasoline" and had been lit at the scene but failed to detonate. *Id.* at 6. The government reiterated that the "homemade incendiary device" was placed "approximately 50 yards from the Ruth's House facility." *Id.* at 1. Seeking to make the white supremacist connection clear, the government emphasized that "Ruth's House is located within one square mile of several other

Jewish facilities, including three Jewish temples, a Jewish private school, and a Jewish Community Center." *Id.*

Subsequent investigation has gutted each of the government's asseverations to Magistrate Judge Robertson and this Court. Since its arrest of Rathbun five months ago, the government has furiously sought to unearth evidence of any white supremacist or anti-Semitic leanings by Rathbun. It has interviewed his family, his friends, his family's employers, friends of friends, acquaintances, the drug dealers he buys drugs from, his ex-wife. It searched every corner of the home he grew up in and has lived at for the past several years. It has obtained more than a dozen search warrants to probe his digital and online life, as well as the online life of his friends. It has interviewed the avowed white supremacists it identified in the complaint, only to find none had ever heard of Rathbun, none had no ties to East Longmeadow, and none had engineered a plot to firebomb an assisted living facility operated by a Jewish-sponsored social services group. It short, the government has utterly failed to uncover *any* evidence of motive, the prerequisite of its case against Rathbun and the lynchpin of its detention argument to this Court that no conditions of release would suffice to protect the public.

As devastating as the complete absence of motive is, the government's investigation has revealed additional facts that crush support for its case at trial, let alone continued detention. The most fundamental of these is that Rathbun has an ironclad alibi, supported by immutable digital evidence, that he was in East Springfield and Indian Orchard at the time the gas can was placed at the scene, miles away from Ruth's House and the site where the gas can was found. The evidence is undisputed and its interpretation irrefutable: *Rathbun could not have placed the container and ignited it the morning of April 2*, the exact opposite of what the complaint alleges and the government's stated basis for detaining Rathbun.

And there is much more undercutting the government's case for continued detention and trial. Contrary to the government's representations to the Court when seeking detention, the gas can was not a firebomb filled with five gallons of fuel waiting to be ignited. D.E. 6 at 6. Instead, the government's forensic analysis reveals a plastic gas can filled with just a gallon and a half of gasoline. More crucially, the Complaint was wrong when it alleged that gas can was found 50 yards from the entrance of the Ruth's House facility. D.E. 1 at ¶18. In actuality, the gas can was actually located *two tenths of mile* – more than three football fields – away from the door of the facility. Both of the misrepresentations involve critical facts. The government's case for detention and at trial is that it is the nature of the "incendiary device" and the placement of it that supports its case that Rathbun (or anyone else, for that matter) intended "to kill, injure, and intimidate any individual and unlawfully damage and destroy any building, vehicle, and other real and personal property." Indictment, D.E. 34.

The Court has authority to reopen a detention hearing and release a defendant where changes in circumstances have a "material bearing" on the issue of danger to the community, 18 U.S.C. § 3142(f)(2). In making its decision to detain Rathbun, the Court was not aware of (1) the now clear lack of evidence as to an anti-Semitic motive, (2) that Rathbun could not have himself placed (let alone lit) the gas can at the location it was found, and (3) its related hurdle of showing that the crime of attempted arson as alleged was committed at all. These changed circumstances, combined with the government's effort to delay bringing Rathbun to trial by failing to consent to a nonjury trial, are patently features of the case that have a material bearing on whether Rathbun must still be detained pending trial. Once the changed circumstances are considered, the conclusion is inexorable: even if the Court declines to dismiss the pending indictment on Speedy Trial Act grounds, the Court must conditionally release Rathbun pending trial.

## CONCLUSION

For the foregoing reasons, this Court should deny the government's motion for excludable delay and dismiss the pending indictment on Speedy Trial Act grounds. Alternatively, the Court should release Rathbun to his home to await trial.

JOHN RATHBUN
By his attorney,


/s/ Timothy G. Watkins
Timothy G. Watkins
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 22, 2020.

/s/ Timothy G. Watkins
Timothy G. Watkins