UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 20-30018-MGM |
| | ) | |
| JOHN RATHBUN | ) | |

**OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO ADMIT "RELEVANT CONTEXT" EVIDENCE [D.E. 103]**

The government proposes to introduce a package of bad act evidence – "the defendant's recent heavy drug use, job loss, depression, and rejection of his family's church" - to, as the government puts it, explain an otherwise inexplicable act. *Government's Motion in Limine to Admit Relevant Context Evidence* ("Gov't Motion") [D.E.103] at 13.[1] It seeks to admit this evidence so that it can argue that Rathbun "was out of control" on the morning of April 2. *Id.* at 14.  Defendant opposes. While acknowledging the evidence is governed by Rule 404, which generally prohibits the introduction of such evidence, the government makes no attempt to identify the exception that would permit the otherwise inadmissible evidence, let alone the "special relevance" required for admission under Rule 404(b). *United States v. Varoudakis*, 233 F.3d 113, 118 (1st Cir. 2000)(to be admissible, 404(b) evidence must have both "special relevance" and not include bad character or propensity as a necessary link in the inferential chain). Worse yet, the government's motion is quite clear that its ultimate intent is to argue propensity: as the government puts it, Rathbun's heavy drug use, job loss, depression caused him to "commit[] this anti-religious act at JGS." Gov't Motion at 13. The testimony is precisely the

---

[1] Setting aside the proposed evidence's manifest inadmissibility, defendant has grave reservations that the government can actually establish the litany of bad acts attributable to Rathbun during the period leading up to April 2, particularly in regard to the government's key assertion that Rathbun "rejected his family's church." Were the Court inclined to admit some or all of the evidence – it should not – the Court faces the very real specter of a motion to strike for want of an evidentiary basis and a motion for mistrial.

type of evidence prohibited by Fed. R. Evid. 404(a) and (b): evidence aimed at portraying defendant's character in a negative light or to show a propensity for bad acts. *See Varoudakis*, 233 F.3d at 124. It must therefore be excluded.

> JOHN RATHBUN
> By his attorneys,
>
> */s/ Timothy G. Watkins*
> Timothy G. Watkins
> Forest O'Neill-Greenberg
> Federal Defender Office
> 51 Sleeper Street, 5th Floor
> Boston, MA  02210
> Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 29, 2020.

> */s/ Timothy G. Watkins*
> Timothy G. Watkins