## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **No. 20-CR-30018-MGM (S-1)** |
| **JOHN MICHAEL RATHBUN,** | |
| **Defendant.** | |

GOVERNMENT'S MOTION TO SEQUESTER WITNESSES AND
TO PERMIT A YOUNG WITNESS'S MOTHER TO ATTEND HER TESTIMONY

The United States of America, by and through its counsel, Andrew E. Lelling, United States Attorney for the District of Massachusetts, Steven H. Breslow and Neil Desroches, Assistant United States Attorneys, and Risa Berkower, Trial Attorney, United States Department of Justice (the "Government"), respectfully moves this Court to: first, sequester all trial witnesses, except for the Government's case agent, for the duration of the trial, including by accessing the trial online, and provide special directions to the defendant's mother; and second, to permit a young witness's mother to attend her testimony in the courtroom.

    1.    Request for Sequestration

        a.    General Sequestration Order

It is well-settled that federal judges have "broad power to sequester witnesses before, during, and after their testimony." *Geders v. United States*, 425 U.S. 80, 87 (1976); Fed. R. Evid. 615 ("At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony."). The Government respectfully requests that the Court order all of the trial witnesses to sequester themselves from each other and from the trial proceedings, including by viewing the proceedings online.

      b.    <u>Case Agent Exception</u>

The First Circuit has held, pursuant to Fed. R. Evid. 615(b), that case agents who serve as witnesses may not be excluded from trial absent exceptional circumstances. *United States v. Charles*, 456 F.3d 249, 257–58 (1st Cir. 2006) (quoting *United States v. Machor*, 879 F.2d 945, 953 & n. 2 (1st Cir. 1989) (noting the majority view that the Court's discretion to exclude a case agents is "'severely curtailed.'")).

The Government respectfully requests that the Court permit Special Agent Ryan McGonigle, who is the case agent as well as a trial witness, to view the entire trial proceedings online (the Government will not be requesting that Special Agent McGonigle attend the trial in person).

      c.    <u>The Defendant's Family</u>

Here, the defendant's mother and father have attended nearly every court proceeding by video, and the defense has now identified the defendant's mother and father as trial witnesses. Several days each week, the defendant's parents also live in the same house as the defendant's teenage daughter, who will be testifying in the Government's case-in-chief. The defendant's mother has already engaged in improper communications with the defendant's daughter concerning her provision of the defendant's cell phone to the Government (prompting the Government to obtain a pledge from her counsel that she would cease all case-related contact with the defendant's daughter). The Government recently learned that the defendant's mother nonetheless recently appears to have facilitated defense investigators in contacting the defendant's daughter, and then persuaded the defendant's daughter to discuss her potential testimony with those investigators.

The Government respectfully requests that the Court's sequestration order, in particular,

prohibit the defendant's mother from discussing the trial proceedings with the defendant's father and the defendant's daughter.

2.     Request for Witness's Mother to Attend Her Testimony in the Courtroom

The Government expects to call the defendant's 18 year-old daughter to testify concerning, among other things: (1) the defendant's state of life and mind during the period leading up to April 2, 2020, when the defendant is charged with placing the device at Jewish Geriatric Services Lifecare, Inc. ("JGS"); and (2) that the defendant's grandmother, Sheila Tipton, resided at a JGS building for several years.  The defendant's daughter has requested that her mother attend her testimony in the courtroom.

It is well-settled, and enshrined in statute, that minor witnesses merit special protection. *See* 18 U.S.C. § 3609 (establishing rights for minor witnesses).  Among other things, a minor may testify by two-way, closed-circuit television or by videotaped deposition as an alternative to live, in-court testimony and, if testifying at or attending a judicial proceeding, a minor has "the right to be accompanied by an adult attendant to provide emotional support." 18 U.S.C §§ 3509(b) (providing alternatives to live, in-court testimony) and i (providing adult attendant).[1]

Here, the defendant's daughter is just 18 years old, will be testifying for the first time in any kind of judicial proceeding, will be providing testimony against her father, with whom she lived until his arrest on April 15, 2020, and has felt pressure from the defendant's mother (her grandmother, with whom she also lives part-time) concerning this testimony.  The stress accompanying this testimony will be substantial, but would be eased by the presence of her mother

---

[1] "A child testifying at or attending a judicial proceeding shall have the right to be accompanied by an adult attendant to provide emotional support to the child. The court, at its discretion, may allow the adult attendant to remain in close physical proximity to or in contact with the child while the child testifies."  18 U.S.C. § 3509(i).

in the courtroom.  While the protections afforded Section 3509(b) do not apply directly to the defendant's daughter, their animating principle – protection of child welfare – provides important guidance to the Court.

The Government respectfully requests that the court permit the witness's mother - who but for the court's COVID-19 restrictions would be free to attend her testimony in person - to attend her testimony by sitting at the far back of the courtroom, in a position farthest away from any other individual in the courtroom.

3.     Conclusion

For the foregoing reasons, the Government respectfully requests that the Court: first, sequester all trial witnesses, except for the Government's case agent, for the duration of the trial, including by accessing the trial online, and provide special directions to the defendant's mother; and second, to permit a young witness's mother to attend her testimony in the courtroom.

Respectfully submitted,

By:     */s/ Steven H. Breslow*
        STEVEN H. BRESLOW
        (NY2915247)
        Assistant U.S. Attorney
        300 State Street, Suite 230
        Springfield, MA 01105
        413-785-0330
        steve.breslow@usdoj.gov

By:     */s/ Neil Desroches*
        NEIL DESROCHES
        Assistant U.S. Attorney
        300 State Street, Suite 230
        Springfield, MA 01105
        413-785-0398
        neil.desroches@usdoj.gov

By:     */s/ Risa Berkower*
        RISA BERKOWER

4

(NY4536538)
Trial Attorney
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
202-305-0150
Risa.Berkower@usdoj.gov

## **Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By:    */s/ Steven H. Breslow*
STEVEN H. BRESLOW
Assistant U.S. Attorney

Dated:  November 8, 2020